# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

v.                                                               CRIMINAL ACTION NO. 3:00-00059

HERMAN LEWIS BILLUPS

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the defendant's Motion to Reduce Sentence under the First Step Act of 2018, (ECF No. 359), Amended Motion to Reduce Sentence, (ECF No. 360), and Motion to Expedite, (ECF No. 361). For the forgoing reasons, the Court **GRANTS** the two motions to reduce the defendant's sentence and **DENIES, as moot,** the Motion to Expedite.

### I. BACKGROUND

Billups was convicted on his guilty pleas of two offenses: distribution of cocaine and fifty grams or more of cocaine base and being a felon in possession of a firearm. ECF Nos. 118, 150. On January 11, 2001, he was sentenced to life imprisonment. ECF No. 206. That sentence was based on the mandatory minimum of ten years to life under the statutory framework then applicable. The Court rejected the presentence report estimate of the amount of cocaine base and concluded that the defendant's base offense level fell within the range of 150–500 grams—a level thirty-four under the sentencing guidelines. Nonetheless, the adjusted offense level rose to forty-four, and with a criminal history category of VI, the mandatory guideline sentence was life imprisonment. The Court later reduced his sentence to a term of 360 months of imprisonment, pursuant to the 2007 revised Guidelines for cocaine base, (ECF No. 297), and then to 324 months

based on the 2014 revised Guidelines. In light of the First Step Act, the defendant now seeks a further reduction of his sentence.

## II. LEGAL STANDARD

When a court imposes a sentence of imprisonment, it is considered the final judgment on the matter and the court, as a general prohibition, "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. §§ 3582(b) & 3582(c)(1)(B). However, a court can modify a sentence where it is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

The First Step Act of 2018 states, in relevant part, that a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115–391, 132 Stat. 5194, § 404(b) (2018) (hereinafter "*The First Step Act*"). Section Two of the Fair Sentencing Act increased the quantity of cocaine base, or "crack," which triggers a mandatory minimum penalty. Pub. L. No. 111-220, §2, 124 Stat. 2372 (2010). Section Three eliminated the statutory minimum sentence for simple possession of crack. *Id.* at § 3.

To be eligible, a defendant's sentence must not have been imposed or previously reduced under sections two or three of the Fair Sentencing Act of 2010.1 *Id.* at § 404(c). Nor can a defendant have been previously denied a reduction under § 404 of the First Step Act. *Id.* Though a defendant, the Government, or the Court can move for a reduced sentence, individuals are not entitled to a reduction as courts are not required to grant relief under § 404. *Id.*

This discretion given to courts whether to grant relief is broad and indicative of how

---

1 The Fair Sentencing Act was enacted on August 3, 2010. Thus, the offending act must have been committed before this date.

authority under this statute can be exercised. Courts in this district and throughout the Fourth Circuit agree that the proper mechanism to seek relief under the First Step Act is 18 U.S.C. § 3582(c)(1)(b).2 *United States v. Banks*, No. 1:07-00157, 2019 WL 2221620, at *4 (S.D. W. Va. May 22, 2019) (Faber, J.) (citing *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *3 (D.S.C. April 15, 2019) (listing cases)). As such, the language of First Step Act controls the Court's ability to grant relief. *See Wright v. United States*, Nos. 4:95-39, 4:95-44, 2019 WL 3046096, at *4 (E.D. Va. July 11, 2019). Under § 3582(c)(1)(B), a court can choose to conduct a simple mechanical reduction of a sentence based on a decreased exposure to statutory minimums and the correlating lower guideline range.

However, courts are not limited by § 3582(c)(1)(B). The First Step Act allows for a court to "impose a reduced sentence" if an individual is eligible. *The First Step Act*, § 404(b). Reading the word "impose" consistently within the United States Code reveals that this equates to the announcement of a convicted person's sentence. *See* 18 U.S.C. §§ 3553(a) and 3582(a). Therefore, the First Step Act grants courts statutory authority to conduct a full resentencing, in addition to the discretion to decide when doing so is appropriate. *See Wright*, 2019 WL 3046096, at *4. Whether a court decides to resentence a defendant or not, the language of the First Step Act does not require a hearing. *See id.* at *5. It is within the sound judgment of the Court to determine if an evidentiary or sentencing hearing is necessary to address the issues of a particular case.

---

2 The U.S. Attorney's Office for the Southern District of West Virginia contends that the appropriate mechanism is 18 U.S.C. §3582(c)(2). This cannot be the case, as § 3582(c)(2) permits reductions when the Sentencing Commission has reduced the sentencing range subsequent to a defendant's sentencing. Here, the sentencing changes are not the result of the Commission's revisions, but Congress's enactment of a new statute. *See United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. April 15, 2019).

When considering the statutory authority under the First Step Act, federal courts presume Congress acts in the context of relevant case law. *Abuelhawa v. United States*, 556 U.S. 816, 821 (2009) (citing *Williams v. Taylor*, 529 U.S. 362, 380–81, n.12 (2000). The Fair Sentencing Act, and its application through the First Step Act, is administered in light of the Supreme Court's decision in *U.S. v. Booker*, which held mandatory guideline ranges were unconstitutional. 543 U.S. 220, 244–45 (2005). While *Booker* is not retroactively applied on a collateral attack, a court may now vary outside of the guideline range if it chooses to conduct a full resentencing. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). This includes variances based on policy disagreements with the Sentencing Guidelines. *Kimbrough v. U.S.*, 552 U.S. 85 (2007).

Once a defendant is determined to be eligible, the Court must examine the statutory threshold to which that defendant pleaded and compare it to the alteration of the applicable law. The Court recognizes that the drug quantity listed in an indictment traditionally tracks the statutory minimums to ensure a defendant's plea or conviction complies with the Sixth Amendment. It is not illogical to speculate that had the Fair Sentencing Act been enacted at the time of a defendant's plea, the elevated statutory amounts would be listed in the indictment and may have had little to no impact on the defendant's decision to plea. *See U.S. v. Blocker*, No. 4:07-36-RH, 2019 WL 2051957, at *4 (N.D. Fla. Apr. 25, 2019) (explaining "indictment-controls" versus "offense-controls" theories, and adopting the latter.). Yet to assume such a fact impermissibly alters the indictment and unconstitutionally abridges a defendant's Sixth Amendment rights. *See Alleyne v. United States*, 570 U.S. 99 (2013). In the context of First Step Act cases, this is true whether a court is conducting a full resentencing or not. *See United States v. Smith*, 379 F.Supp.3d 543, 546–47 (W.D. Va. May 13, 2019). Due to the constitutional considerations, this Court—along with a

4

number of others— adopts an "indictment-controls" interpretation of the First Step Act's impact on a defendant's plea. *United States v. Springs*, No. 3:05-CR-00042-FDW-1, 2019 WL 3310092 (W.D.N.C. July 23, 2019) (applying *Alleyne v. United States*, 570 U.S. 99 (2013) to First Step Act cases) (listing cases).

### III. DISCUSSION

In reviewing the instant case, the Court considered the pleadings; the original presentence report; the judgment order and statement of reasons; any supplemental material from the defendant, including any correspondence; and the memorandum submitted by the Probation Office, which includes a summary of the defendant's institutional adjustments while in the custody of the Bureau of Prisons.

Applying the First Step Act, the Court now sentences Defendant with a mandatory minimum range of five to forty years of imprisonment under the statute, as his indictment only exposed him to the statutory range based on fifty grams of crack. Turning to the Sentencing Guidelines, the Court notes that the base offense level and adjusted offense level remain unchanged—twenty-six and thirty-six, respectively—as applied in his 2015 resentencing. However, the Court is now authorized by the First Step Act to sentence the defendant anew and enter a variance as it deems appropriate.

The United States Sentencing Guidelines recommends a term of imprisonment for crack offenses which is disproportionate to those suggested for powder cocaine offenses by a ratio of 18:1. This Court historically addresses that disparity by varying downward and employing a ratio of 10:1. While there is no meaningful difference in the chemical composition of the two, the Court recognizes the particular impact crack has had on this community. The blight of this epidemic,

alongside the particularly predatory manner in which it is marketed, justifies this increase compared to powder cocaine. The Court sees fit to exercise its discretion to vary downward in the base offense level when imposing a reduced sentence for this defendant to ameliorate the harsh effect of even the latest revised base offense level for crack.

Using the 10:1 ratio for crack to powder cocaine, the Court concludes that a base offense level of twenty-four is appropriate. This is achieved by taking the minimum amount of crack for the range which the defendant was originally sentenced, 150 grams, and multiplying it by ten. Applying the remaining adjustments, Defendant's adjusted offense level totals thirty-four. With a criminal history category of VI, his revised guideline range is 262 to 327 months of imprisonment, followed by four years of supervised release.

Based on the issues present in the case and the authority under § 404 of the First Step Act, the Court determines that a hearing is not necessary to effectuate justice. After considering the revised guideline range, the defendant's institutional adjustment, the nature and circumstances of the offense, the history and characteristics of the defendant, the needs for deterrence, and the other relevant factors under 18 U.S.C. § 3553, the Court finds a sentence at the bottom off the revised range is appropriate.

Therefore, the Court **SENTENCES** Defendant Billups to **262 months** of imprisonment, to be followed by **three years** of supervised release. All other terms and conditions of the original judgment are imposed as before. Consistent with this order, the Court **GRANTS** Defendant's Motion to Reduce Sentence, (ECF No. 359), and Amended Motion to Reduce Sentence, (ECF No. 360). Accordingly, the Motion to Expedite, (ECF No. 361), is **DENIED, as moot**.[3]

---

[3] As the First Step Act does not require a court to impose a reduced sentence, defendants

## IV. CONCLUSION

For the aforementioned reasons, the Court **GRANTS** defendant's Motion to Reduce Sentence under the First Step Act of 2018, (ECF No. 359), and Amended Motion to Reduce Sentence, (ECF No. 360). Furthermore, the Court **DENIES, as moot,** the Motion to Expedite, (ECF No. 361). In accordance with this Order, the Court **IMPOSES** a reduced sentence of **262 months** of imprisonment, followed by **three years** of supervised release, with all other previous terms and conditions remaining unchanged. The Court further **ORDERS** any good time credit and the revised release date be calculated within **seven days** of the entry of this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 15, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

are not entitled to immediate release. *See supra* section II. Therefore, any future motions to expedite shall be denied.